# United States Court of Appeals
## For the Seventh Circuit
### Chicago, Illinois 60604

JUDGMENT - WITH ORAL ARGUMENT

Date: April 28, 2006

BEFORE:      Honorable KENNETH F. RIPPLE, Circuit Judge

Honorable ILANA DIAMOND ROVNER, Circuit Judge

Honorable TERENCE T. EVANS, Circuit Judge

No. 05-2499

UNITED STATES OF AMERICA,
             Plaintiff - Appellant
   v.

JOHN B. BAKER,
             Defendant - Appellee


Appeal from the United States District Court for the
Central District of Illinois
No. 04 CR 10053, Joe Billy McDade, Judge

    The judgment of the District Court is AFFIRMED,
in accordance with the decision of this court entered on this date.


(1061-110393)

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

<u>NOTICE OF ISSUANCE OF MANDATE</u>

DATE:   May 22, 2006

TO:     John M. Waters
        United States District Court
        Central District of Illinois
        Room 309
        100 N.E. Monroe Street
        Peoria, IL  61602


FROM:   Gino J. Agnello, Clerk

RE:     05-2499
        USA v. Baker, John B.
        04 CR 10053, Joe Billy McDade, Judge

        Herewith is the mandate of this court in this appeal, along
        with the Bill of Costs, if any.  A certified copy of the
        opinion/order of the court and judgment, if any, and any
        direction as to costs shall constitute the mandate.

        [ ] No record filed
        [X] Original record on appeal consisting of:

**ENCLOSED:**                                       **TO BE RETURNED AT LATER DATE:**
        [1]     Volumes of pleadings               [ ]
        [ ]     Volumes of loose pleadings         [ ]
        [ ]     Volumes of transcripts             [ ]
        [ ]     Volumes of exhibits                [ ]
        [ ]     Volumes of depositions             [ ]
        [1]     In Camera material                 [ ]
        [ ]     Other_____     [ ]

                Record being retained for use      [ ]
                in Appeal No. _____

        Copies of this notice sent to:      Counsel of record
        [X]     United States Marshal
        [X]     United States Probation Office

**NOTE TO COUNSEL:**
        If any physical and large documentary exhibits have been filed in
        the above-entitled cause, they are to be withdrawn ten days from the
        date of this notice.  Exhibits not withdrawn during this period will
        be disposed of.

        Please acknowledge receipt of these documents on the enclosed copy
        of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
        Received above mandate and record, if any, from the Clerk, U.S.
        Court of Appeals for the Seventh Circuit.
Date: _____        _____
(1071-120397)                               Deputy Clerk, U.S. District Court

CERTIFIED COPY

In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-2499

UNITED STATES OF AMERICA,

                                        *Plaintiff-Appellant,*

v.

JOHN B. BAKER,

                                        *Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 04 CR 10053—Joe Billy McDade, *Judge.*

ARGUED JANUARY 24, 2006—DECIDED APRIL 28, 2006

Before RIPPLE, ROVNER and EVANS, *Circuit Judges.*

RIPPLE, *Circuit Judge.* On August 19, 2004, a grand jury sitting in the Central District of Illinois returned a three-count indictment charging John Baker with two counts of distribution of child pornography, *see* 18 U.S.C. § 2252A(a)(1), and one count of possession of child pornography, *see id.* § 2252A(5)(B). In compliance with a plea agreement, Mr. Baker pleaded guilty to one count of distributing child pornography in exchange for the dismissal of the remaining counts. The district court sentenced Mr. Baker to 87 months' imprisonment, a term below the advisory guidelines range of 108 to 135 months.

The court also imposed a lifetime of supervised release. The Government now appeals; it submits that the sentence imposed by the district court is unreasonably low. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

### A. Facts

On May 14, 2004, Mr. Baker entered a public online chatroom called "gaymenteenboys." Using the screen name, "perocks01," he conversed with "bradnh14," who claimed to be a fourteen-year-old boy; bradnh14 even posted a picture of himself in his online profile. In actuality, bradnh14, or Brad, was Detective James McLaughlin of the Keene, New Hampshire Police Department, who was posing as a child; the picture in the online profile was of the detective as a young man.

Mr. Baker corresponded with Detective McLaughlin, as bradnh14, for several months by email and online instant messages, as well as by a letter sent through the mail. During this time, Mr. Baker told Detective McLaughlin that he had engaged in sexual activities with at least two thirteen-year-old children. He also sent the detective various image files of young men: eight images were of young men in various stages of undress; three images were of nude prepubescent males engaged in explicit sexual acts. Mr. Baker expected to receive pictures of Brad in return.

On August 4, 2004, Detective McLaughlin contacted the FBI Office in Peoria, Illinois, and informed FBI agents of his

ongoing correspondence with Mr. Baker. The Central Illinois Cybercrime Unit, a cooperative law enforcement program involving federal and local prosecutors, local police and the FBI, initiated an investigation and began surveillance efforts. On the following day, members of the Cybercrime Unit observed Mr. Baker entering Heartland Community College in Normal, Illinois. From there, Mr. Baker emailed four images of child pornography to Detective McLaughlin. Contemporaneously, Mr. Baker received online correspondence from Detective McLaughlin, indicating that "Brad" had mailed a letter to Mr. Baker's former address in Bloomington, Illinois. Mr. Baker left the college, followed by surveillance officers. He proceeded directly to the specified address where he waited for the postman to arrive. After the mail was delivered, Mr. Baker returned home. A subsequent search of Mr. Baker's residence by members of the Cybercrime Unit resulted in the seizure of at least 300 images containing child pornography from Mr. Baker's computer and floppy disks in his possession. Some of the recovered images depicted sadistic abuse of a minor.

### B. District Court Proceedings

On August 19, 2004, Mr. Baker was indicted on two counts of distribution of child pornography, see 18 U.S.C. § 2252A(a)(1), and one count of possession of child pornography, see id. § 2252A(5)(B). After entering a plea agreement, Mr. Baker pleaded guilty to one count of distributing child pornography; the remaining counts were dismissed.

In calculating the advisory imprisonment range under the November 2003 edition of the Sentencing Guidelines,

the Presentence Report began with a base offense level of 17. *See* U.S.S.G. § 2G2.2(a). It added two levels for possession of images of prepubescent minors under the age of 12, *id.* § 2G2.2(b)(1); five levels for the distribution of child pornography with the expectation of receiving child pornography in return, *id.* § 2G2.2(b)(2)(B); four levels for images portraying sadistic and masochistic conduct, *id.* § 2G2.2(b)(3); two levels for use of a computer to transmit, receive and distribute the pornography, *id.* § 2G2.2(b)(5); and four levels for possession of between 300 and 600 images of child pornography, *id.* § 2G2.2(b)(6)(c). The total offense level, after a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1(b), was 31. Mr. Baker had no prior criminal record and was assigned a criminal history category of I. The result was an advisory guidelines range of 108 to 135 months' imprisonment.

Mr. Baker did not object to the Presentence Report, but he did file a sentencing memorandum requesting leniency. The memorandum identifies several mitigating factors: Mr. Baker's complete cooperation with law enforcement; his good academic record in high school; his college and church attendance; the fact that his mother left the family while he was an infant; his father's itinerant lifestyle as a preacher; and his lack of any criminal record. He also attached letters from family, friends and past employers attesting to his good character and employment history. In light of these facts, Mr. Baker submitted that a sentence of 60 months' imprisonment was appropriate under 18 U.S.C. § 3553(a)(2)(A),(B).

The sentencing hearing was held on April 3, 2005. At this hearing, Mr. Baker called the Reverend Dr. Kent King-Nobles, the minister and pastoral counselor at Mr. Baker's church, who testified that he did not believe Mr. Baker

was a danger to the community; he noted, however, that Mr. Baker probably should not be placed "in a position where he is working with children." R.18 at 8. Mr. Baker also called Cary Hendricks, the director of youth ministry at Mr. Baker's church. Hendricks testified, based on his observation of Mr. Baker during his involvement with the church's youth ministry, that he did not consider Mr. Baker to be a danger to society; he also noted that an investigation at the church had not revealed any indication of inappropriate contact between Mr. Baker and the children under his charge. *Id.* at 18-21. On the basis of this testimony, defense counsel repeated his assertion that 60 months' imprisonment, which constitutes the mandatory minimum sentence under 18 U.S.C. § 2252A(b), would be sufficient to deter future misconduct, particularly if combined with treatment, a "lengthy supervised release period" and close monitoring. *Id.* at 36.

In response, the Government submitted that none of the proposed mitigating factors discussed in Mr. Baker's sentencing memorandum, assessed either "individually or collectively, really takes this case out of the norm." *Id.* at 29. While the Government conceded that Mr. Baker's "good background," religious upbringing, lack of drug or alcohol addiction and solid educational and employment history were "unusual in this courtroom," it nevertheless characterized these facts as merely "advantages" that should have kept Mr. Baker from turning to crime. *Id.* at 30.

The district court began by remarking that this case was "different in the sense that the defendant is not and does not have the appearance of a dirty old man who hangs out at playgrounds, preying on small children." *Id.* at 38. The court acknowledged Mr. Baker's representation to Detective McLaughlin that he had had sex with two 13-year-old boys, but gave Mr. Baker "the benefit of a

doubt," noting that Mr. Baker later recanted this version of events and that there was no evidence that he was not merely "puffing." *Id.* at 40; *but see id.* at 41 (remarking that, although there is no evidence that Mr. Baker has ever molested a child, "perhaps he was moving in that direction"). Given Mr. Baker's "crime free" life, and the fact that "a term of imprisonment would probably mean more to him and have a greater impact than on someone who had previous experience being incarcerated," the district court ultimately concluded that a lesser term of imprisonment was appropriate. *Id.*

Acknowledging the seriousness of the offense, but also expressing concern that the low end of the advisory range—108 months' imprisonment—likely could not be characterized as a sentence "no greater than necessary to comply with purposes of sentencing," 18 U.S.C. § 3553(a), the district court imposed a sentence of 87 months' imprisonment—21 months below the low end of the advisory guidelines range. The district court's sole written explanation of the sentence imposed reads:

> There is no evidence in the record to indicate that the defendant has acted out against any child. The sentence of 87 months is sufficient, but not greater than necessary to comply with sentencing purpose.

R.14. Mr. Baker's time in prison will be followed by a lifetime of supervised release unless the probation office determines that supervision is no longer necessary.

## II

## DISCUSSION

On appeal, the Government contends that the 87-month sentence imposed by the district court is unreasonable,

primarily because the district court failed to justify adequately, in writing, its downward departure from the advisory guidelines range. Specifically, according to the Government, the district court identified in writing only the lack of aggravating factors, *see* R.14 (concluding that "[t]here is no evidence in the record to indicate that the defendant has acted out against any child"), rather than the presence of mitigating factors, as required under the Guidelines to justify a departure from the advisory sentencing range. We review the sentence imposed by the district court, and its departure from the advisory sentencing range, for reasonableness in light of the factors specified in 18 U.S.C. § 3553(a). *See United States v. Vaughn*, 433 F.3d 917, 923-24 (7th Cir. 2006).

Post-*Booker*, a district court has significantly more freedom than before *Booker* to fashion an appropriate sentence. Nevertheless, the district court is required to calculate properly the advisory sentencing range and to impose a sentence which takes into consideration the sentencing factors specified in 18 U.S.C. § 3553. *Id.* at 924. If the sentence falls within the advisory sentencing range recommended by the Guidelines, it is entitled to a rebuttable presumption of reasonableness, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); if, however, the district court chooses to depart from the advisory Guidelines, it must offer adequate justification for that departure, *see Vaughn*, 433 F.3d at 924. Although there is no bright line standard for how much explication is necessary to support a discretionary sentence that is significantly above or below the guidelines range, "the farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553(a) that the judge must offer in order

1:04-cv-10053-JBM-JAG # 23 Page 7 of 8

to enable the court of appeals to assess the reasonableness of the sentence imposed." *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

Our task in the present case is not to decide whether 87 months' imprisonment *could* be a reasonable sentence; our function, as stipulated by the parties, is merely to assess whether the district court's choice of sentence was explained adequately. *See United States v. Castro-Juarez*, 425 F.3d 430, 433 (7th Cir. 2005). The Government is correct to the extent that the district court's written statement, justifying the 87-month sentence, was short and includes little discussion of relevant § 3553(a) sentencing factors. *See* R.14. Nevertheless, we never have held that our review of the district court's rationale, and ultimately the reasonableness of the sentence it imposed, is limited to the reasoning set forth in a written statement. In similar contexts, we have held that, so long as the sentencing court provides an adequate rationale for its decision, it is irrelevant whether that rationale is contained in a written statement or, alternatively, was articulated orally at the sentencing hearing. *See United States v. Ortiz*, 431 F.3d 1035, 1042-43 (7th Cir. 2005) (holding that, in the course of determining whether conduct supporting an enhanced sentence was sufficiently related to the offense of conviction, we review both the district court's written statement of reasons and its statements at sentencing to determine the sufficiency of its rationale); *United States v. Arroyo*, 406 F.3d 888, 889 (7th Cir. 2005) (same). We adopt that rule in this context, as well, and review for thoroughness the district court's reasoning for sentencing Mr. Baker below the advisory guidelines range as contained in its written statement and as articulated during the sentencing hearings.

The district court's rationale at Mr. Baker's sentencing hearing for departing from the advisory guidelines range is adequate and premised properly on the factors specified in § 3553(a). It also is sufficient to enable this court to "assess the reasonableness of the sentence imposed." *Dean*, 414 F.3d at 729. Specifically, at this hearing, the district court paid close attention to Mr. Baker's lack of a criminal history, his relatively young age, his religious background and his history of both employment and higher education. The court's consideration of these facts, in turn, coincides with the sentencing factors specified in § 3553(a). *See* 18 U.S.C. § 3553(a)(1) (directing sentencing courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"). Also significant is the district court's finding that a prison term would mean more to Mr. Baker than to a defendant who previously had been imprisoned. Consideration of this factor is consistent with § 3553's directive that the sentence reflect the need for "just punishment," *id.* § 3553(a)(2)(A), and "adequate deterrence," *id.* § 3553(a)(2)(B). Moreover, recognizing the seriousness of the offense[1] committed by

---

[1] We recently recognized that, while the PROTECT Act does not make the Sentencing Guidelines binding on district courts in child pornography cases, district courts nevertheless are required to give respectful attention to Congress' manifest intent that child crimes, such as the offense involved in the present case, be punished with the severity they deserve. *See United States v. Grigg*, 442 F.3d 560 (7th Cir. 2006). The district court's statements at the sentencing hearing demonstrate respect for these concerns. The court noted:

The Court must protect young children as best it can because they are really not in a positioned [sic] to protect

(continued...)

No. 05-2499

:. Baker, the district court imposed special conditions signed to reduce the risk of Mr. Baker becoming a re- at offender, including a life-long term of supervised

---

continued)
themselves because of their immaturity, lack of experience, and common sense.

And there are children out there who are very aggressive sexually, who are shockingly advanced in their sexuality, and—but still they need protection from their own foolishness. The question here is how much incarceration is necessary to serve all of the purposes of sentencing and one of the most difficult decisions by a judge is making that determination.

As [the prosecutor] observed, the Sentencing Guidelines affords some guidance to the Court. They represent the considered judgment of Congress based upon the recommendations of scholars and others who have studied the situation, suggesting that a range of months should be a typical sentence imposed by this Court and any Court dealing with a similar situation. And that range of 108 to 135 months equates to approximately nine to 11 years. And the low end would be 108 months or nine years. The question in my mind then is nine years a sentence no greater than necessary to comply with the purposes of sentencing? One would like to impose a sentence that would not imprison the defendant for more than one day more than what is necessary.

18 at 38-39. Given the court's consideration of congressional pals in making unlawful the possession and distribution of uild pornography, as well as the court's assessment of the facts : Mr. Baker's offense and his background and characteristics, e conclude that the court's discussion and the ultimate :ntence imposed adequately reflects the seriousness of Mr. aker's offenses, as required by *Grigg*.

---

No. 05-2499   11

release, restrictions on future possession of child pornography and a prohibition on unsupervised contact with minors. This extended discussion, touching upon various significant § 3553(a) factors, was sufficiently proportional to the district court's deviation from the Guidelines to satisfy the requirements of *Dean*.

### Conclusion

Because the district court properly considered and applied the sentencing factors specified in 18 U.S.C. § 3553(a), as well as adequately explained its rationale for departing from the advisory sentencing range, Mr. Baker's 87-month sentence cannot be considered unreasonable. Accordingly, we must affirm the judgment of the district court.

AFFIRMED

A true Copy:
Teste:

Clerk of the United States Court of Appeals for the Seventh Circuit

USCA-02-C-0072—4-28-06